This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Nathan Lee Walker, appeals from the judgment of the Summit County Court of Common Pleas, which convicted Defendant of grand theft. We affirm.
{¶ 2} On March 8, 2002, the Summit County Grand Jury indicted Defendant on one count of grand theft, in violation of R.C. 2913.02(A)(1). A jury trial followed. Defendant moved for acquittal following the State's case-in-chief, pursuant to Crim.R. 29. The trial court denied his motion. Subsequently, on April 19, 2002, the jury found Defendant guilty of grand theft. The trial court sentenced him accordingly. Defendant timely appeals and raises three assignments of error. For ease of review, we will address Defendant's assignments of error together.
 ASSIGNMENT OF ERROR I
{¶ 3} "The conviction of [Defendant] for the charge of grand theft in this case is against the manifest weight of the evidence and should be reversed."
 ASSIGNMENT OF ERROR II
{¶ 4} "The trial court incorrectly denied [Defendant's] motion for acquittal in violation of [Crim.R.] 29; specifically, there was not sufficient evidence to prove the offense of grand theft beyond a reasonable doubt and submit it to the jury."
 ASSIGNMENT OF ERROR III
{¶ 5} "The trial court erred to the prejudice of [Defendant] and in violation of [Crim.R.] 29(A), Article 1, Section 10 of the Ohio Constitution and the Fourteenth Amendment to the Constitution of the United States, when it denied [Defendant's] motion for acquittal."
{¶ 6} In these assignments of error, Defendant challenges the adequacy of the evidence at trial. Specifically, in his first assignment of error, Defendant avers that the State's evidence was inadequate to support a finding of guilt by the jury. In his second and third assignments of error, Defendant challenges the sufficiency of the evidence presented at trial, and avers that the trial court's denial of his Crim.R. 29 motion was a violation of his state and federal constitutional rights.
{¶ 7} The denial of a Crim.R. 29 motion at the close of the State's evidence is not properly preserved for appeal if Defendant fails to renew his motion at the close of all the evidence. See State v. Metz
(Jan. 24, 2001), 9th Dist. No. 20144, at 6; State v. Shelton, 9th Dist. No. 20986, 2002-Ohio-5773, at ¶ 14. The record indicates that Defendant raised a Crim.R. 29 motion for acquittal at the close of the State's evidence, but failed to renew the motion at the close of his evidence. Therefore, Defendant cannot challenge the sufficiency of the evidence underlying his conviction on appeal.
{¶ 8} When a defendant asserts that his conviction is against the manifest weight of the evidence, "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
{¶ 9} The jury found Defendant guilty of theft, in violation of R.C. 2913.02(A)(1), which states that, "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services *** [w]ithout the consent of the owner or person authorized to give consent[.]" "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). The jury further found Defendant guilty of grand theft, in violation of R.C.2913.02(B)(2), which states, "[i]f the value of the property or services stolen is five thousand dollars or more and is less than one hundred thousand dollars, a violation of this section is grand theft, a felony of the fourth degree."
{¶ 10} At trial, Timothy Kucheman ("Kucheman"), who hired Defendant, testified to the contents of a surveillance tape that the State produced, which showed Defendant in the immediate vicinity of the Brink's bag containing a bank deposit on the day that the deposit came up missing, in an area where he was not scheduled to work at the time, and stooping over as if he were reaching for the bag. Kucheman testified that on another occasion, the surveillance tape shows Defendant's movements to be contradictory to what Defendant had previously told Kucheman. He also testified that Defendant was the only employee who was present on every day that money was found missing. Additionally, Kucheman testified to the amount of the missing deposits including, "one from January 3rd in the amount of 5,555.31, and one from January 8th for 25,841.87." Kucheman further testified that Defendant had access to the keys for the Brink's bag and to the customer service area where the bag was kept.
{¶ 11} Detective Darell Parnell testified that Defendant was uncooperative in the investigation. Detective Parnell also testified that when asked how he was able to pay for his car, Defendant explained that he had won money in a crap game.
{¶ 12} Joanne Barrett ("Barrett"), Defendant's supervisor, and Christina Brunson ("Brunson") testified that Defendant had returned a missing bank deposit envelope, after he had been questioned concerning the whereabouts of the envelope. Defendant told them that it had been accidentally mixed up with the mail. Barrett and Brunson also testified that neither of them had ever seen Defendant steal anything.
{¶ 13} For the defense, Jeannette Goodloe testified that at least five employees had access to the same area as Defendant where the Brink's bag and keys were kept. Aaron Hamilton testified that Defendant was employed by him in a second job doing various landscaping and home improvement jobs and was paid in cash.
{¶ 14} After careful review of the record, we cannot conclude that the jury lost its way and created a manifest miscarriage of justice when it convicted Defendant of grand theft. This is not a case where the evidence weighs heavily in favor of Defendant, meriting a reversal of the conviction. Although conflicting testimony was presented, "a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony." State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97 CA006757, at 4. Accordingly, we hold that Defendant's conviction was not against the manifest weight of the evidence. Defendant's first, second and third assignments of error are overruled.
{¶ 15} Defendant's assignments of error are overruled. The conviction in the Summit County Court of Common Pleas is affirmed.
BAIRD, J. and CARR, J. CONCUR